IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

ZACHARIAH TOBIAS FLOYD, ) Civil Action No. _____
)
Plaintiff, )
) COMPLAINT
v. ) (Jury Trial Demanded)
)
FEDERAL EXPRESS CORPORATION, )
and JOHN DOES 1–5, )
)
Defendants. )
_____)

JUN 30 '25 PM5:09
RCV'D – USDC FLO SC

Plaintiff Zachariah Tobias Floyd ("Plaintiff"), complaining of the Defendants, alleges and states as follows:

## I. PARTIES

1. **Plaintiff** Zachariah Tobias Floyd is a citizen and resident of Conway, Horry County, South Carolina.

2. **Defendant Federal Express Corporation ("FedEx")** is a corporation organized under the laws of Delaware, with its principal place of business in Memphis, Tennessee. FedEx is a freight and package delivery carrier that regularly conducts business in the State of South Carolina, including maintaining facilities and operations in Horry County.

3. **Defendants John Does 1–5** are individuals and/or business entities whose identities are presently unknown to Plaintiff. Upon information and belief, John Does 1–5 are persons or entities that participated in, directed, or are otherwise responsible for the acts and omissions described in this Complaint. At all relevant times, each of the John Doe Defendants was an agent, employee, contractor, or affiliate of FedEx, acting within the scope of their relationship with FedEx.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff asserts a claim arising under federal law – specifically, a claim for violation of the Carmack Amendment, 49 U.S.C. § 14706, governing interstate cargo liability.

5. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship). Plaintiff is a citizen of South Carolina, and upon information and belief, Defendant FedEx is a citizen of states other than South Carolina (incorporated in

1

Delaware with its principal place of business in Tennessee). The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy as the federal claim.

7. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Specifically, the FedEx facility and personnel involved in the incidents at issue are located in or near Myrtle Beach, South Carolina (within Horry County), and Defendants conducted business and actions relevant to this suit in South Carolina.

8. This Court has personal jurisdiction over Defendant FedEx because FedEx conducts substantial and continuous business in South Carolina and the claims arise out of FedEx's activities in South Carolina. The Court also has personal jurisdiction over the John Doe Defendants, who, on information and belief, participated in the events in South Carolina underlying this Complaint.

## III. FACTUAL ALLEGATIONS

9. On or about March 13, 2025 Plaintiff tendered a package containing valuable personal property to Defendants for shipment and delivery. Plaintiff entered into a contract with FedEx for the carriage of this package to Conway, South Carolina from Texas, outside of South Carolina as part of interstate commerce.

10. Plaintiff paid all applicable shipping charges and fulfilled all of his obligations under the shipping contract. Defendants accepted possession of the package, thereby assuming a duty as a common carrier to transport and deliver the package to its intended destination in the same condition as received and within the promised delivery time frame.

11. The package contained valuable goods belonging to Plaintiff, with an approximate total value of $ 10,500

12. Defendants failed to deliver the package to its intended destination. Instead, while the package was in Defendants' custody and control, it was mishandled, lost, misplaced, or stolen. The package never reached the recipient, and to date, its whereabouts remain unknown to Plaintiff.

13. Plaintiff promptly notified FedEx of the missing shipment and made repeated inquiries and demands for information and compensation. Despite these efforts, FedEx has failed or refused to provide a satisfactory explanation for the loss or to compensate Plaintiff for the value of the package and the consequential damages resulting from its loss.

14. As a direct result of the lost shipment, Plaintiff suffered significant financial harm. The contents of the package were essential to Plaintiff's income producing activities, and the failure to deliver them caused Plaintiff to miss critical money making opportunities and lose sales. Specifically, Plaintiff was unable to fulfill at least one important customer

order due to the missing goods, resulting in the cancellation of that order and the loss of the associated revenue and business relationship.

**Pattern of National FedEx Misconduct**

15. Plaintiff's experience is consistent with publicly reported incidents of criminal misconduct involving FedEx personnel:

16. **Pennsylvania (2024):** FedEx driver caught stealing Apple electronics in a sting operation.

17. **Florida (2024):** Contract driver dumped undelivered packages in the woods.

18. **Tennessee (2024):** Memphis employee stole $12,000 in jewelry.

19. **Delaware County (2025):** FedEx workers ran a cellphone theft ring worth $173,000.

20. **Louisiana (2024):** Driver stole iPad after falsely marking it as delivered.

21. These reports reveal systemic failures in FedEx's hiring, training, and supervision, supporting Plaintiff's claims of negligence, criminal mischief, and corporate veil abuse.

22. In addition, the loss of the package and Defendants' handling of the situation caused Plaintiff to experience substantial distress, inconvenience, and reputational harm. Plaintiff's reputation with his customers was damaged because the failure to deliver the goods cast Plaintiff in a negative light despite the fault lying with Defendants.

23. On multiple occasions during Plaintiff's attempts to locate the package and resolve the issue, FedEx's own delivery personnel from the Myrtle Beach facility denied being employees or agents of FedEx. These individuals – who were wearing FedEx uniforms and operating FedEx-branded delivery trucks – claimed that they were independent contractors or otherwise not affiliated with FedEx. Such statements were false and misleading, caused considerable confusion for Plaintiff regarding who was responsible for the shipment, and appeared to be a deliberate tactic by Defendants to evade accountability for the loss.

24. Upon information and belief, one or more agents or representatives of Defendants also made false and disparaging statements about Plaintiff in connection with this incident. For example, FedEx representatives on 2 different occasions insinuated in front of others that Plaintiff was engaged in acts of impropriety about the missing package. These statements were completely false and were communicated openly without disregard, unjustly impugning Plaintiff's honesty and business reputation.

25. Throughout the events described above, Defendants acted in bad faith and in a manner that was willful, wanton, and in reckless disregard of Plaintiff's rights and property. Defendants' failure to safeguard Plaintiff's property, their misrepresentations and evasive conduct, and their refusal to accept responsibility have directly caused Plaintiff to suffer the losses and damages outlined herein.

3

## COUNT I – VIOLATION OF THE CARMACK AMENDMENT (49 U.S.C. § 14706)

19. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

20. At all relevant times, Defendant FedEx was acting as a common carrier engaged in interstate commerce, and Plaintiff was a shipper of goods. The shipment described above was to be transported in interstate commerce, triggering the application of the Carmack Amendment, 49 U.S.C. § 14706.

21. Under the Carmack Amendment, FedEx, as an interstate carrier of goods, is liable to the shipper (Plaintiff) for the actual loss or damage to property entrusted to it during shipment. Plaintiff delivered possession of the package and its contents to Defendants in good condition for the purpose of interstate shipment, but Defendants failed to deliver the goods in the same condition or at all.

22. The loss of Plaintiff's goods occurred while the goods were in Defendants' custody and was not caused by any act or omission of Plaintiff, nor by any exception to carrier liability recognized under the Carmack Amendment. Instead, the loss was a result of Defendants' acts or omissions.

23. Plaintiff has sustained monetary loss equal to the full value of the package's contents (estimated at $_____) and additional consequential damages due to Defendants' failure to carry out their duties as a carrier. Despite due demand, Defendants have not paid Plaintiff for the loss.

24. Defendants' failure to deliver the shipment in accordance with the shipping contract – and the resulting loss of Plaintiff's goods – constitutes a violation of Defendants' obligations under the Carmack Amendment. Accordingly, Defendant FedEx is liable to Plaintiff for all provable damages resulting from the lost shipment, in an amount to be determined at trial.

## COUNT II – CONVERSION

25. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

26. Plaintiff at all times had ownership of, and the immediate right to possess, the property that was contained in the shipped package.

27. Defendants wrongfully exercised dominion and control over Plaintiff's property by failing to deliver it and by retaining, misplacing, or allowing it to be taken or disposed of without Plaintiff's authorization. Defendants' refusal or inability to return the property upon demand is unlawful and inconsistent with Plaintiff's ownership rights.

28. The conduct of Defendants as described above constitutes **conversion** under the common law of South Carolina. By their acts and omissions, Defendants have effectively taken Plaintiff's property for their own use or allowed it to be lost, to the detriment of Plaintiff.

reliance caused Plaintiff to delay taking alternative action (such as escalating the matter to higher authorities sooner or pursuing other remedies), thereby compounding his losses and prolonging the harm.

66. Defendants' false representations were part of a broader pattern of deception and corporate evasiveness. As a direct and proximate result of these misrepresentations, Plaintiff suffered damages including the loss of his property and related financial and emotional harms. Because Defendants' conduct was willful and fraudulent, Plaintiff is entitled to recover actual damages, and additionally seeks punitive damages to penalize Defendants for their intentional deceit.

## COUNT X – VIOLATION OF SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT (SCUTPA)

67. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

68. The actions of Defendants as described herein constitute unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 *et seq.*

69. Defendants engaged in unfair and deceptive acts and practices including, but not limited to: misrepresenting the nature of their services and responsibilities (for example, using delivery personnel who outwardly appear to be FedEx employees while those individuals disclaim any affiliation or responsibility on behalf of FedEx); failing to deliver goods as promised under a paid service contract; providing false information to customers about shipments; and generally refusing to take responsibility for losses caused to customers. Such conduct is unethical, unscrupulous, and substantially injurious to consumers.

70. Defendants' unfair and deceptive practices have an adverse impact on the public interest. The conduct at issue is not an isolated incident unique to Plaintiff; rather, upon information and belief, Defendants employ similar tactics and practices with other customers (such as the independent-contractor misrepresentation tactic and a reluctance to compensate for lost or damaged shipments). This pattern of behavior poses a potential for repetition and affects the public, as other consumers are likely to be harmed by these practices if they continue unchecked.

71. As a direct and proximate result of Defendants' violations of SCUTPA, Plaintiff has suffered ascertainable losses, including the value of the lost goods, lost profits from business opportunities, and other monetary and intangible damages.

72. Defendants' conduct was willful or knowing, entitling Plaintiff to an award of three times the actual damages sustained, pursuant to S.C. Code Ann. § 39-5-140. Plaintiff is also entitled, under SCUTPA, to recover reasonable attorneys' fees and costs of this action.

73. Accordingly, Plaintiff seeks judgment against Defendants for their violation of SCUTPA, including an award of actual damages (to be trebled by the Court), attorneys' fees (if an

29. As a direct and proximate result of Defendants' conversion of Plaintiff's property, Plaintiff has suffered damages including, but not limited to, the value of the property, the loss of use of the property, and consequential losses stemming from the unavailability of the property. Defendants' actions were willful and without justification, entitling Plaintiff to recover actual damages, and justifying an award of punitive damages.

**COUNT III – BREACH OF CONTRACT**

30. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

31. Plaintiff and Defendant FedEx entered into a valid and enforceable contract for the shipment of Plaintiff's package. The terms of the contract included, at a minimum, that FedEx would transport and deliver the package to the specified destination in a careful and timely manner, in exchange for payment of the agreed-upon shipping charges, which Plaintiff paid.

32. Plaintiff fulfilled all of his obligations under the contract, including payment and tendering the package to Defendants in proper condition for shipment.

33. Defendants materially breached the contract by failing to deliver the package as promised. Specifically, Defendants did not deliver the package to the intended recipient, and the package was lost or mishandled while in Defendants' custody – a failure to perform the agreed-upon services.

34. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered damages including the value of the lost goods and other losses arising naturally from the breach. These damages were within the contemplation of the parties or otherwise foreseeable at the time the contract was made, as Plaintiff informed Defendants, or Defendants reasonably should have known, that timely delivery was critical.

35. Plaintiff is entitled to recover all compensatory damages resulting from Defendants' breach, in an amount to be proven at trial.

**COUNT IV – INTERRUPTION OF ACTIVITIES AND LOSS OF SALES**

36. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

37. Defendants' actions and failures in handling Plaintiff's shipment directly caused an interruption in Plaintiff's income producing activities and a resulting loss of sales and income.

38. At the time of contracting and performance, Defendants knew or should have known that Plaintiff was relying on the shipment to arrive on time for use in his business or to fulfill obligations to a customer. It was reasonably foreseeable that a failure to deliver the package would disrupt Plaintiff's operations and cause financial losses.

5

39. Because the package was never delivered, Plaintiff was unable to carry out certain business commitments. This disruption led to missed opportunities, canceled orders, and lost revenue that Plaintiff would have earned had Defendants performed as required.

40. Defendants' wrongful conduct therefore caused Plaintiff to suffer business damages in the form of lost profits, lost sales, and harm to business relationships. Plaintiff is entitled to recover these consequential damages proximately caused by Defendants' acts and omissions.

## COUNT V – PAIN AND SUFFERING (EMOTIONAL DISTRESS)

41. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

42. Defendants' conduct in losing Plaintiff's property, providing misleading information, and refusing to take responsibility has caused Plaintiff severe emotional distress, mental anguish, and inconvenience beyond mere economic loss.

43. Plaintiff experienced substantial stress, anxiety, frustration, and loss of peace of mind as a direct result of Defendants' actions. For example, Plaintiff spent numerous hours worrying about the lost shipment, attempting to get answers from FedEx, and dealing with upset customers and the fallout of the incident – all of which affected Plaintiff's daily life and well-being.

44. It was reasonably foreseeable that such egregious mishandling of Plaintiff's valuable shipment, combined with the evasive and unhelpful behavior by Defendants, would result in serious emotional distress to Plaintiff. Defendants' actions were undertaken in reckless disregard of the high probability that they would cause such distress.

45. As a result, Plaintiff suffered significant pain and suffering and is entitled to recover damages for the emotional distress and mental anguish caused by Defendants' misconduct.

## COUNT VI – SLANDER (DEFAMATION)

46. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

47. Defendants, by and through their agents or employees, made false and defamatory oral statements about Plaintiff in relation to the events surrounding the lost shipment. These statements included assertions that impugned Plaintiff's honesty and business integrity – for instance, insinuating that Plaintiff was engaged in acts of impropriety.

48. Recordings will proved these statements were made openly in the presence of other customers, employees, or individuals, or were otherwise communicated to persons outside of Plaintiff's presence (such as other FedEx representatives or even Plaintiff's customers).

6

49. The statements made by Defendants' agents were **defamatory per se**, as they accused Plaintiff of dishonesty and misconduct in his trade or business – allegations that naturally harm one's reputation. Defendants made these statements with knowledge of their falsity or with reckless disregard for the truth. In the alternative, Defendants were negligent in failing to ascertain the truth before making such injurious statements.

50. As a direct and proximate result of Defendants' slanderous statements, Plaintiff has suffered harm to his personal and professional reputation, as well as humiliation, embarrassment, and emotional distress. Plaintiff is entitled to compensatory damages for these injuries. Furthermore, because Defendants' agents acted willfully and with actual malice in making the false accusations, Plaintiff seeks an award of punitive damages to punish and deter such conduct.

## COUNT VII – NEGLIGENCE

51. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

52. Defendants owed Plaintiff a duty to exercise reasonable care in the handling, transportation, and delivery of Plaintiff's package, as well as a duty to provide truthful and accurate information regarding the status of the shipment.

53. Defendants breached their duty of care by, among other things, failing to properly safeguard the package, failing to deliver it to the correct destination, failing to adequately track and monitor the shipment, and providing false or misleading information about the shipment's status and about their own responsibilities. Defendants further failed to hire and supervise their agents or contractors in a manner that would ensure compliance with proper procedures and standards of care.

54. Defendants' negligence was a direct and proximate cause of the loss of Plaintiff's property and the damages that followed. Had Defendants exercised due care in carrying out their obligations, the package would not have been lost, and Plaintiff would not have suffered the various harms described herein.

55. As a result of Defendants' negligent acts and omissions, Plaintiff suffered monetary losses (including the value of the goods and lost business income) and non-economic damages (including emotional distress and reputational harm). Plaintiff is entitled to recover all damages proximately caused by Defendants' negligence.

## COUNT VIII – CRIMINAL MISCHIEF (WILLFUL MISCONDUCT)

56. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

57. Defendants' conduct in relation to Plaintiff's property was not only negligent but also willful, wanton, and malicious. Defendants, through their agents or employees, willfully and unlawfully interfered with, damaged, or allowed the disappearance of Plaintiff's property.

58. Under South Carolina law, the willful and malicious destruction or loss of another's property is a wrongful act often referred to as *malicious mischief* or *criminal mischief*. In this case, Defendants' actions meet the essence of such malicious conduct: the failure to deliver Plaintiff's package was accompanied by evasive and deceptive behavior, indicating a conscious indifference to Plaintiff's rights and a realization that serious damage to Plaintiff would occur.

59. Defendants had no legal justification or excuse for their handling of Plaintiff's property. The loss of the package, combined with Defendants' refusal to account for it or return it upon demand, constitutes an intentional and unlawful deprivation of Plaintiff's property rights.

60. As a direct result of Defendants' malicious misconduct, Plaintiff suffered the complete loss of his property, as well as the array of other damages described above. Given the intentional and egregious nature of Defendants' actions, Plaintiff is entitled to recover his actual damages, and additionally seeks an award of punitive damages sufficient to punish Defendants and deter such conduct in the future.

## COUNT IX – MISREPRESENTATION (FRAUDULENT MISREPRESENTATION)

61. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

62. Defendants, through their agents and employees, made false representations of material fact to Plaintiff regarding the shipment and Defendants' relationship to it. These misrepresentations include, but are not limited to: **(a)** statements falsely denying that certain individuals handling Plaintiff's shipment were FedEx employees or agents (when in truth those individuals were acting on FedEx's behalf and under FedEx's control); and **(b)** false or misleading information given to Plaintiff about the status, location, or handling of the package during the period it was missing.

63. Defendants knew or should have known that these representations were false at the time they were made. The FedEx-uniformed drivers who claimed not to work for FedEx were in fact performing FedEx's delivery functions, and any statements suggesting otherwise were knowingly deceptive. Likewise, any assurances or status updates provided to Plaintiff about the package that were unfounded or incorrect were made with knowledge of their falsity or in reckless disregard of the truth.

64. Defendants made these misrepresentations with the intent to deceive Plaintiff and to induce Plaintiff to refrain from taking immediate legal action or other measures to protect his interests. By downplaying or obfuscating the truth (such as obscuring who was responsible for the shipment and what had occurred to it), Defendants sought to avoid accountability and to placate Plaintiff under false pretenses.

65. Plaintiff reasonably relied on Defendants' misrepresentations to his detriment. Specifically, Plaintiff trusted the information provided by Defendants and believed the statements that the individuals he dealt with were not FedEx's agents or employees. This

8

attorney is formally retained) and costs, and such injunctive or other equitable relief as the Court may deem just and proper to prevent further violations.

## COUNT XI – UNJUST ENRICHMENT

74. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

75. Plaintiff conferred a valuable benefit upon Defendants by paying for shipping services and entrusting Defendants with his package, from which Defendants stood to profit through the collection of fees and the goodwill of Plaintiff's patronage.

76. Defendants accepted and retained the benefit of Plaintiff's payment and business but failed to deliver the agreed-upon service (safe and timely delivery of the package) and failed to return the value of the lost goods or otherwise compensate Plaintiff for the loss.

77. It would be unjust and inequitable for Defendants to retain the money paid by Plaintiff yet suffer no consequences for the loss of Plaintiff's property. In equity and good conscience, Defendants should be required to disgorge the benefits they received (such as the shipping fees and any cost savings or other advantages gained by not replacing or paying for the lost goods) and to compensate Plaintiff for his loss.

78. Accordingly, Plaintiff seeks restitution and/or disgorgement from Defendants in an amount to be determined at trial, representing the benefits unjustly retained by Defendants at Plaintiff's expense – including, but not limited to, a refund of the shipping charges paid and the value of the property lost.

## COUNT XII – PIERCING THE CORPORATE VEIL / ALTER EGO LIABILITY

79. Plaintiff incorporates by reference each and every allegation set forth above as if fully restated herein.

80. Upon information and belief, Defendant FedEx utilizes a corporate structure and contracting scheme designed to shield itself from direct liability for wrongful conduct in its package delivery operations. FedEx conducts its business through various subsidiaries, divisions, and independent contractor entities, yet presents itself to the public as a single unified enterprise under the "FedEx" brand.

81. In the events giving rise to this action, FedEx exercised extensive control over the individuals and processes involved in the shipment, even if some of those individuals (including the John Doe Defendants) were nominally classified as independent contractors or were employed by a different FedEx corporate entity. The FedEx drivers at the Myrtle Beach facility – who wore FedEx uniforms and drove FedEx vehicles while handling Plaintiff's package – are an example of agents who functioned as an integral part of FedEx's operations, even as FedEx now attempts to disclaim responsibility for their actions.

82. The use of contractors or separate corporate entities in this manner is a deliberate pattern of deception and obfuscation of corporate responsibility orchestrated by FedEx. FedEx cannot be permitted to avoid liability by hiding behind corporate formalities or by asserting that those who directly caused the harm (lost the package or misled the customer) were "not really FedEx." The separate corporate forms and designations are being used as a façade to perpetrate wrongdoing (or to evade the consequences of wrongdoing) and to frustrate the injured party's ability to recover. For example, the misrepresentations by FedEx's drivers denying any FedEx affiliation illustrate this scheme of obfuscating who is accountable.

83. Recognizing the reality of FedEx's operations, the Court should **pierce the corporate veil** and treat FedEx and any related entities or contractors involved as one and the same for purposes of liability in this case. The circumstances justify disregarding the usual limited-liability separations because: **(a)** there is such a unity of interest and ownership between FedEx and its agents/contractors that their separate personalities no longer truly exist with respect to the transactions at issue; and **(b)** adherence to the fiction of separate existence under these facts would sanction fraud or promote injustice, leading to an inequitable result.

84. Therefore, to the extent any individual or entity other than Federal Express Corporation is found to have been the immediate actor in the wrongful conduct (for example, a FedEx subsidiary or an independent contractor company employing the involved drivers), the Court should hold Federal Express Corporation liable as the alter ego or principal of that entity. Likewise, the John Doe Defendants, once identified, should be held jointly and severally liable together with FedEx. In so doing, the Court should pierce any corporate veil necessary to prevent injustice and to ensure that Plaintiff can obtain full relief for the wrongs alleged.

**PRAYER FOR RELIEF**

WHEREFORE, having stated his claims, Plaintiff Zachariah Tobias Floyd respectfully prays for judgment against Defendants, jointly and severally, as follows:

a. **Actual Damages:** For an award of actual damages in an amount sufficient to fully compensate Plaintiff for his losses, including (but not limited to) the value of the lost property and all related economic losses (such as lost profits and income), in an amount to be determined at trial;
b. **Consequential Damages:** For consequential and incidental damages resulting from Defendants' conduct, including compensation for business interruption, loss of sales, and other foreseeable losses proximately caused by Defendants' wrongdoing;
c. **Pain and Suffering:** For damages to compensate Plaintiff for pain and suffering, emotional distress, and harm to reputation caused by Defendants' actions;
d. **Punitive Damages:** For an award of punitive damages, in an amount to be determined by the jury, sufficient to punish Defendants for their willful, wanton, malicious, and fraudulent conduct and to deter such conduct in the future;
e. **Treble Damages (SCUTPA):** For treble damages as allowed by the South Carolina Unfair

Trade Practices Act, in light of Defendants' willful or knowing violations of that Act;

f. **Attorneys' Fees and Costs:** For an award of reasonable attorneys' fees and the costs of this action, as permitted by applicable law (including under SCUTPA) or as otherwise justified in equity; if an attorney formally enters into representation of Plaintiff;

g. **Interest:** For pre-judgment and post-judgment interest as allowed by law on any monetary award, from the earliest date allowed by law until paid in full; and

h. **Other Relief:** For such other and further relief in law or equity as this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action and issues so triable as a matter of right.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 30, 2025

Respectfully submitted,
Zachariah Tobias Floyd          /s/ Toby Floyd, Pro Se
(843) 742-7076
TobyFloyd0577@gmail.com
Paralegal Specialist / Pro Se Plaintiff

603 16th Avenue Unit A
Conway, SC 29526